UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00021-FDW-DCK

| | |
|---|---|
| **MON CHERI BRIDALS, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND NOTICE OF HEARING** |
| ) | |
| **THE PARTNERSHIPS and** ) | |
| **UNINCORPORATED ASSOCIATIONS** ) | |
| **IDENTIFIED ON SCHEDULE "A" and** ) | |
| **JOHN DOES 1-1,000,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Mon Cheri Bridals, LLC's *Ex Parte* Application for Entry of a (1) Temporary Restraining Order; (2) Domain Name Transfer Order; (3) Asset Restraining Order; (4) Expedited Discovery Order; and (5) Service of Process by Email and Electronic Publication Order. (Doc. No. 6). Pursuant to 15 U.S.C. § 1116 and Rule 65 of the Federal Rules of Civil Procedure, Plaintiff has moved, on an *ex parte* basis, for a temporary restraining order against Defendants identified on Schedule "A" attached hereto for alleged violations of the Lanham Act under 15 U.S.C. §§ 114, 1125(a) and 1125(d); the Copyright Act under 17 U.S.C. § 501; and the North Carolina Unfair and Deceptive Trade Practices Act under N.C. Gen. Stat. § 75-1.1.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Having reviewed the papers, declarations, exhibits, and brief filed in support of Plaintiff's *Ex Parte* Application for a Temporary Restraining Order ("Application for TRO"), the Court hereby makes the following findings of fact and conclusions of law:

1

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto; the Complaint states a claim upon which relief may be granted against Defendants for Trademark Infringement and False Designation of Origin under the Lanham Act (15 U.S.C. §§ 1114, *et seq.*); Copyright Infringement under the Copyright Act (17 U.S.C. § 501); and unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1.

2. Plaintiff is a New Jersey limited liability company that maintains its principal place of business at 1018 Whitehead Road Extension, Trenton, New Jersey, 08638.

3. Plaintiff owns the registered trademarks "Cameron Blake," "2 Be," "2 Be Prom," and "Le Gala by Mon Cheri," among others, used in connection with its bridal dresses and social occasion dresses (hereinafter, the "MON CHERI Trademarks").

4. Plaintiff owns the registered copyrights for a number of original photographs covered by U.S. Copyright Registration No. VA 1-935-286 (the "MON CHERI Copyrights"). Plaintiff uses many of the images covered by the MON CHERI Copyrights to advertise the sale of its genuine and authentic products.

5. Defendants are a conglomeration of individuals and partnerships that manufacture, import, distribute, offer for sale and sell counterfeit goods, including bridal gowns, social occasion dresses, prom dresses and other formalwear ("Counterfeit Products") using the MON CHERI Trademarks and photographs covered by the MON CHERI Copyrights and continue to do so.

6. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the MON CHERI Trademarks and MON CHERI Copyrights in

connection with the advertisement, offer for sale, and sale of the Counterfeit Products, through, *inter alia*, the Internet. The Counterfeit Products are not genuine products manufactured by Plaintiff.

7. Defendants operate a large number of rogue websites (the "Infringing Websites") identified on Schedule "A," attached hereto. Defendants have designed the Infringing Websites to resemble authorized retail Internet stores selling Plaintiff's authentic goods, including advertising and selling Counterfeit Products bearing the MON CHERI Trademarks, stealing and republishing Plaintiff's copyrighted images and photographs of genuine products with detailed product descriptions; offering live online service; and displaying normal indicia of security protection that would appear on legitimate websites. Defendants' Infringing Websites appear to unknowing consumers to be legitimate web stores authorized to sell Plaintiff's genuine products.

8. There is good cause to believe that Defendants have engaged in, and are likely to engage in, acts or practices that constitute trademark infringement and false designation of origin under the Lanham Act (15 U.S.C. §§ 1114 *et seq.*); copyright infringement under the Copyright Act (17 U.S.C. § 501 *et seq.*); and unfair and deceptive trade practices under the North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75-1.1).

9. There is good cause to believe that, unless Defendants are restrained and enjoined by Order of this Court, immediate and irreparable harm will result from Defendants' ongoing violations for trademark infringement and false designation of origin under the Lanham Act (15 U.S.C. §§ 1114 *et seq.*); copyright infringement under the Copyright Act (17 U.S.C. § 501 *et seq.*); and unfair and deceptive trade practices under the North

3

Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75-1.1). The evidence set forth in Plaintiff's Application for TRO, and the accompanying declarations and exhibits, demonstrates that Plaintiff is likely to prevail on its claim that Defendants have engaged in violations of the foregoing laws by manufacturing, distributing, offering for sale and/or selling Counterfeit Products on the Infringing Websites bearing counterfeits of the MON CHERI Trademarks and using stolen images covered by the MON CHERI Copyrights to buyers in the United States, including in this Judicial District.

10. There is good cause to believe that if such conduct continues, irreparable harm will occur to Plaintiff and the public, including Plaintiff's customers and other members of the public.

11. There is good cause to believe that Defendants are engaging, and will continue to engage, in such unlawful actions if not immediately restrained from doing so by Order of this Court.

12. There is good cause to believe that, based on the evidence cited in Plaintiff's Application for TRO and accompanying declarations and exhibits, Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of formalwear, apparel and related products bearing counterfeits, infringements, reproductions, and/or colorable imitations of the MON CHERI Trademarks. Furthermore, Defendants are selling copies of Plaintiff's products that bear marks that are substantially indistinguishable from and/or colorful imitations of the MON CHERI Trademarks on formalwear, apparel and related

products. Because of the infringement of the MON CHERI Trademarks, Plaintiff is likely to suffer immediate and irreparable injury if a TRO is not granted. Moreover, based on the facts set forth in Plaintiff's Complaint, Plaintiff's Application for TRO and accompanying declarations, Plaintiff and consumers are likely to suffer immediate and irreparable loss, damage, and injury before Defendants can attempt to oppose Plaintiff's motion unless Plaintiff's request for *ex parte* relief is granted.

13. There is good cause to believe that if Plaintiff proceeds with normal advance notice to Defendants on this Application for TRO, Defendant will quickly transfer the registrations for many, if not all, of the Infringing Websites, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief;

14. With respect to a likelihood of success on the merits, Plaintiff has demonstrated that it is likely to succeed in showing that Plaintiff's Marks are valid and protectable and entitled to protection;

15. Further with respect to likelihood of success on the merits, Plaintiff has demonstrated that it is likely to succeed in showing that Plaintiff's Marks are distinctive and famous;

16. Further with respect to likelihood of success on the merits, Plaintiff has demonstrated that it is likely to succeed in showing that Defendants are manufacturing, importing, distributing, advertising, offering for sale and/or selling Counterfeit Products on the Infringing Websites bearing counterfeits of the MON CHERI Trademarks and using stolen images subject to the MON CHERI Copyrights to buyers in the United States, including buyers in this Judicial District.

17. Further with respect to likelihood of success on the merits, Plaintiff has demonstrated that Defendants have a bad faith intent to profit by associating themselves with Plaintiff and Plaintiff's Marks without Plaintiff's authorization;

18. There is good cause to believe that Plaintiff's request for this *ex parte* relief is not the result of any lack of diligence on Plaintiff's part, but instead is based upon the nature of Defendants' unlawful conduct. Therefore, in accordance with Rule 65(b) of the Federal Rules of Civil Procedure, and U.S.C. § 1116(d), good cause and the interests of justice require that this Order be issued.

19. There is good cause to direct that third party Internet registries, data centers, and hosting providers with a presence in the United States reasonably assist in the implementation of this Order and refrain from frustrating the implementation and purposes of this Order.

20. There is good cause to believe that Defendants may attempt to disable or redirect the Infringing Websites, allowing them to continue their misconduct and that they would destroy, move, hide, conceal, or otherwise make inaccessible to the Court evidence of misconduct, the Counterfeit Products, and the records evidencing the manufacture and distribution of the Counterfeit Products.

21. There is good cause to permit notice of the instant Order and service of the Complaint by formal and alternative means, given the exigency of the circumstances and the need for prompt relief. The following means of service are authorized by law, satisfy due process, satisfy Federal Rule of Civil Procedure 4(f)(3), and are reasonably calculated to notify Defendants of the instant order, the TRO hearing and of this action: (1) transmission by email, electronic messaging addresses to the known email and messaging addresses of

Defendants and to their contact information provided by Defendants to the domain registrars, registries, data centers and Internet hosting providers, who host the Infringing Websites; and (2) electronic publication order. Further, given the high degree of harm to the public caused by Defendants' actions, there is good cause to permit Plaintiff to otherwise publicize its actions to neutralize the Infringing Websites by appropriate means following the unsealing of this matter.

22. There is good cause to believe that the harm to Plaintiff of denying the relief requested in its Application for TRO outweighs any harm to any legitimate interests of Defendants and that there is no undue burden to any third party.

## **CONCLUSION**

IT IS THEREFORE ORDERED as follows:

1. Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this TRO are hereby temporarily restrained from:

    a. Using the MON CHERI Trademarks, including any trademark, service mark, logo, design, or source designation of any kind owned or controlled by Plaintiff, or any reproduction, counterfeit, copy or colorable imitation of the MON CHERI Trademarks in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise not the genuine products of Plaintiff;

    b. Using the MON CHERI Trademarks, including any trademark, service mark, logo, design, or source designation of any kind owned or controlled by Plaintiff, or any

reproduction, counterfeit, copy or colorable imitation of the MON CHERI Trademarks in connection with the Infringing Websites, other online services or activities, or any other goods or services, that is likely to cause confusion, mistake, deception, or public misunderstanding that such Infringing Websites, other online services or activities, or other goods or services are produced or provided by Plaintiff, or are sponsored or authorized by or in any way connected or related to Plaintiff;

c. Passing off, inducing or enabling others to sell or pass off any Counterfeit Products as, and for, genuine products manufactured by Plaintiff;

d. Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner bridal dresses, social occasion dresses or other formalwear falsely bearing the MON CHERI Trademarks, or any reproduction, counterfeit, copy or colorable imitation of same;

e. Utilizing the Infringing Websites and registering, trafficking in, or using any additional domain names that use or incorporate any of the MON CHERI Trademarks, or any colorable imitation thereof;

f. Operating and/or hosting the Infringing Websites;

g. Further infringing any of the MON CHERI Trademarks or damaging Plaintiff's goodwill;

h. Using images covered by the MON CHERI Copyrights or any of Plaintiff's original photographs that Plaintiff uses to advertise the sale of original MON CHERI Products;

i. Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in the above subparagraphs (a) through (h);

2. Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants are temporarily enjoined from:

    a. Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' Infringing Websites, and/or Defendants' assets and operation; and

    b. Removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' Infringing Websites, assets, operations, or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products, or any reproduction, copy or colorable imitation of the MON CHERI Trademarks;

3. Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this TRO shall immediately discontinue the use of the MON CHERI Trademarks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendants, including the Infringing Websites;

4. Upon entry of this Order, Plaintiff shall provide a copy of the Order by email to the registrar of record for each of the Infringing Websites, so that the registrar of record of each of the Infringing Websites may, in turn, notify each registrant of the Order and provide notice of the locking of the domain name to the registrant of record. After providing such notice to the registrars so the domain names may be locked, Plaintiff shall also provide notice and a copy of this Order to the registrant of each Infringing Website via email to the email address provided as part of the domain registration data for each of the Infringing Websites. If an email address was not provided as part of the domain registration data, Plaintiff shall provide notice and a copy of this Order to the operators of the Internet websites via an email address provided on the Internet websites operating under such Infringing Websites;

5. This TRO shall apply to the Infringing Websites and any other domain names properly brought to this Court's attention and verified by sworn affidavit that verifies such new domain names are being used by Defendants for the purpose of counterfeiting the MON CHERI Trademarks or republishing images covered by the MON CHERI Copyrights at issue in this action and/or unfairly competing with Plaintiff in connection with search engine results pages;

6. Upon two (2) days' written notice to the Court and Plaintiff's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets upon an appropriate evidentiary showing by Defendant;

**BOND**

Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall post and maintain a bond in the amount of ten thousand U.S. Dollars and No Cents ($10,000), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint.

### **NOTICE OF HEARING**

A hearing is set before this Court in Courtroom #1-1 of the United States District Courthouse, located at 401 West Trade Street in Charlotte, North Carolina, 28202 on February 3, 2015 at 2:00 pm, at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve same.

IT IS SO ORDERED.

Signed: January 23, 2015

Frank D. Whitney
Chief United States District Judge

**SCHEDULE "A"**

| Defendant No. | Defendant Domain |
| --- | --- |
| 1 | http://www.acneindex.com/ |
| 2 | http://www.areitzig.com/ |
| 3 | http://www.aspirewyoming.com/ |
| 4 | http://www.batalhadosgames.com/ |
| 5 | http://www.bridalamazing.com/ |
| 6 | http://www.cheapformalstore.com/ |
| 7 | http://www.eastbayfeisca.com/ |
| 8 | http://www.esexcafe.com/ |
| 9 | http://www.excelenciasedes.com/ |
| 10 | http://www.framedtheseries.com/ |
| 11 | http://www.fti-design.com/ |
| 12 | http://www.fundusguide.com/ |
| 13 | http://www.izidressbuy.com/ |
| 14 | http://www.leawasson.com/ |
| 15 | http://www.livebettergroup.com/ |
| 16 | http://www.lovingprom.com/ |
| 17 | http://www.nancysamstein.com/ |
| 18 | http://www.pre-naoetsu.com/ |
| 19 | http://www.snohostories.com/ |
| 20 | http://www.storegowns.com/ |
| 21 | http://www.tishprouse.com/ |
| 22 | http://www.viadaevents.com/ |
| 23 | http://www.victoriaseyes.com/ |
| 24 | http://www.victoriaweddingdress.co.uk/ |
| 25 | http://www.vsi-mebli.com/ |
| 26 | http://www.whimsybynight.com/ |
| 27 | http://www.willguzzardi.net/ |
| 28 | http://www.yedang-japan.com/ |